FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
JUN 1 2015
CHRISTOPHER A. PRINE
CLERK

| | | |
|---|---|---|
| George Wilhelm Vogel | § | In the Court of |
| Appellant | § | Appeals |
| v | § | |
| The State of Texas | § | 14th District Court of |
| Appellee | § | Houston, Tx **MAILED** Unk. |

Case : 14-14-00104CR

14-14-00105CR

14-14-00106CR

Appealed from: 359th Dist Court

Cause - 13-04-04450-CR

Response to Anders brief

To the Honorable Justices of said court:

Now comes George Wilhelm Vogel, Appellant in the above styled and numbered cause and moves the court to **DENY** and **REJECT** the Anders brief filed by appointed counsel. Appellant believes there are numerous meritorious grounds for an appeal; from factually sufficient evidence, ineffective assistance of counsel, violations of appellants substantive and constitutional rights. Appellant is **DISSATISFIED** with appointed counsels, findings, brief, lack of investigation, omissions,... and he shows the Honorable Justices the following included in this response.

Pro Se (General response)

Liberal construction of rules, Anders brief, Counsel, Rights, factual sufficiency, review of record sections followed.

## Liberal Construction of rules 28,33,62,66,88

Appellant is neither a Legal Assistant nor a qualified Paralegal and, therefore, relief upon the reasoning of which mandates that his pleadings of a ProSe Appellant, as here must be construed liberally and can not be held to the same strict standards as the pleadings prepared by an attorney. A ProSe litigant, despite the failure to cite proper legal authorities and confussion of legal theories, poor syntax, sentence construction or litigants unfamiliarity with pleading requirements in the following cases.

## Anders Brief 3,38,51

Under Anders, if the record presented any such arguable issues, the appeal would not be frivolous. The purpose of an Anders brief is to ensure that counsel has **CAREFULLY** reviewed the trial record and **THOROUGHLY** researched the law, **BEFORE** deciding that the appeal is frivolous. As a result counsel will have fully performed the duty to support the appeal to the best of counsel's ability. Counsel must resolve **ALL** doubts and ambigious legal questions in favor of his client and file brief only if there are **NO** arguments that **COULD** conceivably persuade the court. Issues that are "arguable on the merits" are by definition, not frivolous.

## Counsel 61,59

It is unlikely that a criminal defendant will be able to adequately test the governments case, for as Justice Sutherland wrote "even the intelligent and educated layman has small and sometimes no skill in the science of the law." The need for advisory does not come to an abrupt halt as the legal proceeding moves

from trial to appellate stage. Both stages of the prosecution although perhaps involving unique legal skills, require careful advisory to ensure rights are not foregone and that substatial legal and factual arguments are not inadvertly passed over. As a general matter, it is through counsel that all other rights that an accused person has, the right to be represented by counsel is by far the most pervassive, for it affects his ability to assert any other rights he may have. However, it does not require any defendant to risk alienating his trial lawyer by requesting a defendant to claim ineffective assistance of counsel at time of trial.

## Rights

The Sixth amendment requirement that the accused have the right to assistance of counsel was made obligatory on the States by the fourteenth amendment. The Sixth amendment requires that " the accused shall enjoy the right to have assistance of counsel for his defense." Also the right of effective assistance of counsel on his 1st appeal. [15]

## Factual Sufficiency

The Corpus delicti prohibits a prosecutor from proving the corpus delicti, based solely on a defendants extrajudicial statements. The prosecutor must establish the corpus delicti with corroborating evidence to secure a conviction. It has long been the rule in Texas that a criminal appellant may challenge the sufficiency of ALL [26] the evidence, even though the issue was not raised in the trial court. Motion for new trial from matters NOT determined from the record may entitle the appellant to relief these are arguable points to be advanced. [9]

## Review of record [76]

"The reviewing court must review the record to make an independent determination". If the Court of Appeals find that there are arguable grounds, the appellate court must then guarantee appellates right to counsel by ensuring that another attorney is appointed to represent appellate on appeal.

In accordance with Wilson [92] Pro Se brief / response should not be held to the same standards / requirements of appellate rules. The Court of Criminal Appeals has implicitly stated this by reversing Marlow and Ned (contained within Wilson case).

## Prayer for relief

Appellant prays that the court will hear and move on his motion and is willing to look into his case / cause / issues and provide the maximum relief possible as allowed by the rules, procedure and laws governing the courts and the land.

George Wilhelm Vogel
Pro Se
TDCJ # 1902544

The following pages are appellants attempt at a Pro Se brief, prior to him learning that all he needed to do is provide a Pro Se response, not a Pro Se brief as informed by appellate counsel via letter that accompanied the Anders brief. Appellant shows the court that he has been diligently trying to learn the rules, law & procedures. Given the obstacles of wrong legal advise by counsel, no counsel, ineffective assistance of counsel, no access to law library, medical issues, TDCJ lockdowns and the limited amount of time given to the law library as well as most of the books being labelled 'outdated' appellant tries to show the court he is doing the best he can given the circumstances and wishes the court to provide a full review. Included Attachment 1

Index of Authorities

Ineffective assistance of counsel

Ineffective assistance of appellate counsel

Timeline statement of facts

Arguable/Meritorious merits that should have been raised

Constitutional rights

Review of record/relief requested

Closing

| | | |
|---|---|---|
| 1 | Almanza | 686 SW2d 157 |
| 2 | Alvarez | 79 SW3d 679 |
| 3 | Anders v Ca | 386 US 738 |
| 4 | Austin | 410 SW2d 439 |
| 5 | Broddus | 693 SW2d 459 |
| 6 | Callis | 756 SW2d 826 |
| 7 | Castanuela | 435 SW2d 145 |
| 8 | Cavett | 521 SW2d 619 |
| 9 | Champion | 82 SW3d 79 |
| 10 | Cormier | 85 SW3d 496 |
| 11 | Coronado | 996 SW2d 283 |
| 12 | Cuyler v Sullivan | 446 US 335 |
| 13 | Diaz | 905 SW2d 302 |
| 14 | Duran | 868 SW2d 879 |
| 15 | Evitts v Lucey | 469 US 387 |
| 16 | Ex Parte Axel | 757 SW2d 369 |
| 17 | Ex Parte Burns | 601 SW2d 370 |
| 18 | Ex Parte Duffy | 607 SW2d 501 |
| 19 | Ex Parte Ewing | 570 SW2d 941 |
| 20 | Ex Parte Stanford | 571 SW2d 28 |
| 21 | Ex Parte Tuley | 109 SW3d 88 |
| 22 | Fitzpatrick v McCormick | 869 F2d 1247 |
| 23 | Flowers | 935 SW2d 131 |
| 24 | Flowers | 551 SW2d 883 |
| 25 | Geders v US | 96 SCt 1330 |
| 26 | Givens | 26 SW3d 739 |
| 27 | Gudel | 368 SW2d 775 |

| | | |
|---|---|---|
| 28 | Haines v Kerner | 404 US 519 |
| 29 | Haynes | 790 Sw2d 824 |
| 30 | Hernandez | 986 Sw2d 819 |
| 31 | Hernandez | 726 Sw2d 53 |
| 32 | Hill et al | 528 Sw2d 259 |
| 33 | Hughes v Rowe | 101 SCt 173 |
| 34 | Iowa v Tovar | 541 US 77 |
| 35 | Jack | 149 Sw3d 119 |
| 36 | Jackson | 841 Sw2d 38 |
| 37 | James v Cain | 56 F3d 662 |
| 38 | Johnson | 885 Sw2d 641 |
| 39 | Lakin v Stine | 44 FSupp.2d 897 |
| 40 | Lemmons | 818 Sw2d 58 |
| 41 | Lopez | 343 Sw3d 137 |
| 42 | Martin | 891 Sw2d 267 |
| 43 | Marsh | 959 Sw2d 224 |
| 44 | Martin | 795 Sw2d 289 |
| 45 | Martin | 876 Sw2d 396 |
| 46 | Martinez | 163 Sw3d 88 |
| 47 | Martinez v COA of CA | 120 SCt 684 |
| 48 | Massey v P.G County | 907 FSupp 138 |
| 49 | Massingill | 8 Sw3d 733 |
| 50 | Massingill | 143 Sw3d 380 |
| 51 | McCoy v COA | 486 US 429 |
| 52 | McFarland | 928 Sw2d 482 |
| 53 | Meyer v CA | 372 US 353 |
| 54 | Milton v Morris | 767 F2d 1443 |
| 55 | Mitchell v Mason | 325 F3d 732 |

| | | |
|---|---|---|
| 56 | Mixon | 396 SW2d 417 |
| 57 | Musgrove | 425 SW3d 609 |
| 58 | Oldham | 889 SW2d 461 |
| 59 | Penson v Ohio | 109 SCt 349 |
| 60 | Pilkinton | 7 SW3d 291 |
| 61 | Powell v AL | 53 SCt 55 |
| 62 | Procunier | 753 F2d 1318 |
| 63 | Prudhomme | 28 SW3d 114 |
| 64 | Raley | 528 SW2d 257 |
| 65 | Randle | 847 SW2d 576 |
| 66 | Ratliff v US | 999 F2d 1023 |
| 69 | Ridgeway | 438 SW2d 804 |
| 68 | Robinson | 16 SW3d 808 |
| 69 | Robinson | 22 SW3d 63 |
| 70 | Rompilla v Beard | 545 US 374 |
| 71 | Rudd | 616 SW2d 623 |
| 72 | Salazar | 222 SW3d 7 |
| 73 | Scarbrough | 777 SW2d 83 |
| 74 | Sears v Upton | 130 SCt 3259 |
| 75 | Shields | 550 SW2d 670 |
| 76 | Stafford | 813 SW2d 503 |
| 77 | State v Crook | 248 SW3d 172 |
| 78 | Steel | 453 SW2d 486 |
| 79 | Strickland v Washington | 466 US 668 |
| 80 | Swidler & Berlin v US | 118 SCt 2081 |
| 81 | Tellez | 880 SW2d 247 |
| 82 | Thomas | 768 SW2d 335 |
| 83 | Torres | 4 SW3d 295 |

| 84 | US v Adelzo-Gonzalez | 268 F3d 772 |
| 85 | US v Cronic | 104 S ct 2039 |
| 86 | US v Hurt | 543 F2d 162 |
| 87 | US v Phillips | 210 F3d 345 |
| 88 | US v Riascos | 76 F3d 93 |
| 89 | Vera | 836 SW2d 344 |
| 90 | Ward | 740 SW2d 794 |
| 91 | White v Godinez | 301 F3d 746 |
| 92 | Wilson | 955 SW2d 693 |
| 93 | Wilson v Mintzes | 761 F2d 275 |
| 94 | Texas Constitution 1 §10 | |
| 95 | United States Constitution Amends 5,6,14 | |
| 96 | The Criminal Law Handbook, Know your rights survive the system    NOLO, Bergman Paul (12th Ed, 2011) | |
| 97 | Winning Habeas Corpus & Post Conviction Relief     F. P. Stephens (4th Ed 2012) | |

Ineffective Assistance of Counsel

Due process of the U.S.C.A the 5th, 6th and 14th amends and Tex Const 1 §10, guarantees the rights [15] of effective assistance of counsel on 1st appeal as critical rights. The 6th amend safeguard to an accused who faces incarceration the right [9,58,63] to counsel at 'ALL CRITICAL STAGES' of the criminal procedure. Denial of counsel at [20,34] ANY 'critical stage' entitles petitioner to relief. If, no actual assistance to the accused defendant is provided then the constitutional guarantee has been violated. [53,56] The period of arraignment to trial is [61] "perhaps the most critical period of the proceedings" where defendant must have sufficient time to advise with counsel. [4,7,8,27,60] Precise obligations are laid out in the ABA standards, the decision to appeal must be the defendants. The lawyer should take WHATEVER steps necessary to protect defendants rights of appeal §8.2 Appeal Standards §135. Counsel must support clients appeal to the BEST [3,38] of his ability, the attorney [4] continues to be obligated to the client, he fulfills continuing obligation to client in 2 ways; by exerting ALL effort to find legally cognizable arguments for client, and aid by ensuring client understands available options after attorney withdraws, State Bar rules of Professional Conduct 3.01 ANY point to be advanced on appeal is arguable on the merits, is by definition not frivolous. Defendant should not risk alienating his counsel by requiring him to claim ineffective assistance of counsel at or during the proceedings. Counsel [86] must be willing to advocate fearlessly and effectively "on behalf of the client." The ABA Standards for Criminal Justice describes [97@48,70] the obligation of defense counsel in terms no one could misunderstand in the circumstances of a case

like this one " it is the duty of the lawyer to conduct a prompt investigation of the circumstance of the case and to explore **ALL** of the avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction". The investigation should always include efforts to secure info. in the possession the prosecution and law enforcement authorities . The duty to investigate exists regardless of the accused's stated desire to plead guilty." 1 ABA Standards for Criminal Justice 4-4.1. Fundamental rules of professional conduct 1.1 provides that "a lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation" ... Rule 1.3 which holds that "a lawyer shall act with reasonable diligence and promptness in representing a client." Failure to pursue applicable legal authority in a timely fashion may well constitute a violation of this rule. Pre-trial is considered a 'critical stage' the denial of counsel during which supports a Cronic analysis. The pretrial is critical because it encompasses counsels constitutionally imposed duty to investigate the case. The 6th amend guarantees more than a pro forma encounter between accused and counsel. Defendants' communication with counsel is critical to the attorneys representation. Denial of this opportunity constitutes error requiring reversal. The importance of communication between attorney-client is shown by great lengths the legal system goes in order to protect attorney-client priviledge. The guarantee of effective assistance of counsel

97@95, 22

Comprimises 2 correlative rights, the right to reasonably competent counsel and the right to counsels undivided loyalty. Counsels duties:

- Make an independent investigation [29]
- Have a firm command of the facts and the law [29]
- Advocate fearlessly and effectively on behalf of the client [93]
- Conduct prompt investigation of the circumstances of the case [70]
- Explore all avenues [70]
- Research the law [48]
- Formulate the STRONGEST defense possible [96@239]
- Zealously represent client, regardless of guilt or overwhelming evidence [96@199, Canon 7, ABA]
- Raise **EVERY** possible doubt [96@243]
- Advise defendant of case developments [96@197,198 ABA Std Crim Justice 4-3.8]
- Respond reasonably promptly to a defendants request for info. [96@198]
- Keep client informed of developments, progress and prep [96@197,198]
- Provide competent representation to client [96@197 ABA Std Crim Justice 4-3.8,] 97@49, 48

- Undivided loyalty, 1st commitment is to client [22, 96@238]

## Ineffective assistance of Appellate Counsel [1,18,31,79]

Appellants Pro Se filing to Anders Brief indicating/stating to the courts his: DISSATISFACTION [46,68,69] with Appellate Counsels representation and appellants desire [16] to pursue his appeal or out of time appeal [16]. He does this by showing the following issues/facts:

1. Counsel failed to raise issues that should have been brought up on direct appeal. [46,70]

2. Plain out lied (to client & court) [46]

3. Misrepresented facts [46]

4. Omitted facts from the transcript [43,46]

5. Filed brief based on incomplete record, or careful review of transcript. [43]

6. Appellant in confinement made attempts to contact counsel several times, but received NO REPLIES. [ABA 4-4.1, Rule 1.1, Rule 1.3, 48]

7. Failed to investigate case facts. Std for Criminal Justice 4-4.1 [12,55,64,67,70,74,75,85,97@48,49, ABA]

8. Failed to: communicate with client; update client about status, reply to clients requests for information/case in a reasonable time frame. [25,39,80,84,93]

9. Failed to diligently prosecute a meaningful appeal on appellants 1st appeal. [15]

10. Deprived appellant right to make a record for appellate review. [63]

11. Failed to protect appellants rights on appeal. [35,36]

12. Denied/deprived appellant opportunity to represent appellant on request for hearings (evidentiary, Motion for new trial). [6,36,35,58,83]

13. Failure to prepare, not strategic, inattention, neglect [37], this conduct amounts to a breach of legal duty of attorney. [64,75]

14. Abandoned client at time of prep., defendant identified theory that needed advancement/development, counsel requires more than mere presence [41] [75]

15. Inadequate time spent consulting with defendant, based on gravity of case. [85,91,97@BB  29,52,87]

1,12,20,29,31,34,37,48,55,70,72,75,79, ABA Crim Justice 4-4.1, 4-3.8, 1.4 Conduct rules

16 Attorney informed defendant that his office did not allow him
the time nor resources to dedicate to my case \ issues.
15,72,29,70,48,96@197,198 96 @ 243, 48,22,96@238

Appellant was at all times unaware that counsel had not taken
steps necessary for the prosecution of a meaningful appeal. Counsel's
performance was though he was not there, he failed to challenge
the complexity of other possible theories and take steps necessary to
protect rights afforded to him during several of the 'critical stages'
to which he is entitled by U.S.C.A and the Tex Const. Counsel
requires more than mere presence.

• In Strickland the 1st prong of the test states you must prove:
that your attorneys representation was deficient.

• The 16 items noted above are to show the courts that
counsel's representation was indeed deficient. by the standard's
set out by the U.S.C.A 6,14th amend, the Texas Constitution
1 § 10, the ABA Code of Professional Conduct, the ABA Rules of
conduct, as well as the ABA Codes of Criminal Justice to
include rules, standards, CANONS,...

– The Strickland 2nd prong of the test states you must
show that attorneys deficient performance prejudiced the
outcome of the case, or in other words, that the outcome of
the trial would have been different, but for counsels unprof-
essional errors.

• If, counsel had been appointed in a timely manner, and, had it
been conflict free appellant would have:

1. Filed motion for new trial ; which would further demonstrate
to the court of his desire to appeal the case (beyond the notice
of appeal that was timely filed with the trial court on

Appellant believes there are several meritorious issues\theories to be advanced\developed. Some of the points are brought up in the 'Arguable on the merits' section of this Pro Se response. Thus appellant was prejudiced by the lack of appointed counsel by the Trial Court. The actual or constructive denial of counsel altogether at a 'critical stage' of criminal proceeding shows that prejudice is presumed. Such motion (for new trial would have entitled appellant to an evedentiary hearing).

2. Also note that Trial Counsel never explained the time frame for filing a motion for new trial.

3. If, I would have known about a motion for new trial, and the limited timeframe I had to work in; I would have filed it myself.

My trial attorney had me sign the conviction paperwork right after trial. She asked if I wanted to appeal the conviction; I stated 'yes'. She informed me she would file the appeal and further stated that an appellate attorney would be appointed to me. About a week later I received a copy of the notice of appeal. My court appointed Trial attorney, never explained to me; my appellate rights, the timelines \time frames, procedures or the appellate process. Nor did she provide any meritorious or disputable items related to my case to use in filing motion for new trial. After trial was over attorney simply abandoned me. Even after multiple requests while Trial attorney was still appointed to me she never provided contact information so that I could call or write my attorney. I was effectively abandoned by my trial attorney once trial was complete on November 19, 2013.

4. Had the proper investigation been performed by Appellate counsel, Counsel would have used a different more persuasive approach to the appeal and would not have filed an Anders brief, rather appellate counsel would have filed a motion for a new trial or a motion for hearing for new trial or an evedentiary hearing. The probability of the outcome would have been different, but for counsel's errors as shown above. The harm shown:

Appellant denied\deprived of counsel during 'critical stage'

Appellant denied\deprived opportunity to file motions (by Counsel)

Appellant denied\deprived the opportunity to advance\developed theories on appeal for the record for appellate court to review.

Appellant denied\deprived of his rights of Due Process, effective assistance of counsel and affording appellant an opportunity to a fair and impartial trial proceeding as dictated by the laws of the land.

Appellant was deprived of his right to appeal with the assistance of counsel (on his 1st appeal), as an indigent defendant he is entitled to have appointed counsel on appeal at every 'critical stage'.

5. Failure to disclose information, undermines the confidence of the verdict. Appellants sole and viable defense to be advanced or developed for the record. Had the proper investigation been completed, appellants attorney would have filed motions for new trial.

6. Had appointed counsel spent time on the case in relation to the gravity of the offense and sentence, a more persuasive approach would have been taken given the info supplied by appellant.

## Timeline

| | |
|---|---|
| 9/30/13 | Attorney appointed to represent defendant by Judge; not from list. |
| 11/18-19/13 | Attorney represented defendant at trial 11/18-19/2013; defendant convicted |
| | Attorney stated she no longer represented me once she filed notice of appeal; an appellate counsel would be appointed by the court. |
| 12/5/13 | Attorney filed notice of appeal. |
| | Attorney never communicated with me after trial |
| | Attorney believed duties were complete |
| | Defendant was not aware of 30 day time frame post conviction in order to file motion for new trial. |
| | Defendant relied on assurance that court would provide counsel. |
| | Defendant was not aware of his appellants rights |
| | Defendant did not attempt to self represent on direct appeal. |
| 6/13/14 Friday afternoon | Appellate counsel communicated with appellant. He stated he "just got the case" did not have the transcripts they would have to be ordered. Appellant notified counsel that he had many arguable grounds and information. Counsel gave appellant address and told him to send the information, he would look into it. Counsel filed brief without reviewing issues appellant sent. |
| Tues ✱ 6/17/14 | Anders brief and counsels request to withdraw |
| ~ 11/6/14 TDCJ ⬆ records should validate his "in person" visit to me. | Appellate counsel contacted appellate on or about 11/6/14. Appellant asked counsel about the 'arguable on the merits' paperwork he sent to counsel, he stated he never received it. Send it again and he would look into it. Appellant advised counsel it was his only copy, he would have to put it all together again 37± pages. Appellant sent paperwork again to counsel. *Carbon Copy* Appellant filed several motions/letters to court in regards to needing more time and working/communicating with counsel. Appellant has not received ANY replies from the |

court granting or denying his requests.

Appellate at all times believed that his appointed counsel was working to protect his rights and best interest to the best of his ability.

2/20/15 Letter dated from Appellate Attorney received late Feb, early March 2015. Attorney states in letter "Here is the content you sent in your original letter to me as you requested". The original letter sent back in ~ June/July 2014. This was the "original" I sent him that he returned, the second one sent was a carbon copy. Further he states in his letter "I was hoping to go over it; however my practice has not allowed me to devote the time and resources that your issues require.". He also included the letter I send him when he returned my paperwork and it was the one I sent him as a carbon copy. Thus the meritus paper work should have been carbon copies as well. Confirming that Appellate counsel had received my paper work originally submitted, and chose not to pursue appeal due to "time + resources" as stated above

2 Mis-filed paperwork; thus mismanaged the case, thus affecting the ability to amend/withdraw the brief by counsel and submit another with the relevant facts to the Court of Appeals; thus harming appellant by not properly pursuing the facts/data/arguments presented to counsel by appellant for the Courts to review

Further Appellate counsels letter and discussion with client stated that appellant can file a Pro Se BRIEF; (this should have been included with brief he presented to court). he should have stated that I needed to file a Pro Se RESPONSE, not a brief. Thus affecting the missed timelines + opportunities as well.

Arguable/meritorious issues that should have been raised and should not be considered frivolous.

This list of issues is not a complete list; it is a sample list of issues related to appellants case that he wishes to show the court that there are **SEVERAL** arguable grounds.

1. Appellant was denied/deprived of counsel during the 30 [2,9,63] [2,35] days post conviction in order to file motion for new trial. Appellant wishes to appeal his conviction and he has made it known to the Trial Court, and makes it known to the Honorable Judges of the Court of Appeals by his filing by Trial Counsel of the notice of appeal. In accordance with the codes, an appellant can not self represent on direct appeal. Thus appellant requests appointment of counsel to be appointed to argue these and several other issues that need to be investigated so that his theory that was brought up can be developed/advanced in favor of filing motion for new trial.

2. Trial Counsel failed to inform appellate/defendant of his rights 3 timelines in order to gain a _FULL_ understanding of the considerations of pursuing the appeal + the proc-edures + expressing prejudicial judgement as to possible grounds for appeal + their merits.

3. Appellants plea was involuntary [5,13,14,17,21,23,24,30,44,49,50]

4. Appellant was not properly admonished. [23,24,40,45]

5. Appellant made it known to appellate counsel that there was newly discovered evidence post trial + the State withheld exculpatory evidence. [72] There should be a review of all the [26] evidence for factual sufficiency. Since failure to disclose evidence undermines the confidence of the verdict.

6. Appellant is neither a Legal Assistant or Paralegal, but during the time of pretrial, trial, 30 days post conviction (time to file motion for new trial), and post conviction during and after appointed counsel was to represent appellant. The appellant was denied Access to Courts (ATC) the Law Library. He was denied \ de- prived of Law Library access the entire time while detained 51,73,97@30 by the county, even tho multiple requests & grievances were submitted. Appellant has been denied \ deprived of Law Library access by Security numerous times, and has filed complaints with TDCJ and had notified the courts of these problems. This has been a problem during "lock-down" which lasts generally 2-3 weeks. This further impacted \ harmed appellant trying to pursue his case in a timely manner, as well as during pretrial & trial.

Constitutional Rights

Other rights that appellant was denied \ deprived of, that he wishes to inform the court of :

1. No reasonable time to confer with counsel, One meeting that was brief does not prove to be adequate or a "full consult", given the circumstances of the case, the sentence received by appellant. Adequate counsel was not provided. 91, 97@91

2. Appellate counsel was inadequately prepared + unable to make reasonable decision not to explore proper testimony or an alternate defense that would support the theory 91, 97@91

3. No 10 days to prepare for proceedings    4,8,27,42    60,91,97@91

4. Denied counsel during 30 days post conviction, during time motion for new trial would have been filed.    2,7,9,35,42,58,63,82,89,90

5. Denied\deprived of Access to Courts    54,57,73

The appellant does not argue the points listed in the above 2 sections, he shows the courts that there are several arguable issues to be investigated and theories to be developed for advancement of the case and the record; for proper showing to the Appellate Court, so that it can be evaluated in the 'interests of justice'. Appellant desires to prosecute a 'meaningful' appeal for his convictions as he has been denied\deprived of several inalienable rights, State + Federal Constitutional rights. Structural errors are categorically immune from harmless error analysis are those constitutional violations that infect the conduct of a trial from begining to end such as this.

Review of record / Relief requested
Appellant is requesting a review of the record, and is looking    26,63,81
for the maximum relief based on the cases cited below and the additional relief that the courts can provide.

1. The Court of Appeals abate and remand the case to Trial Court for the appointment of new counsel.    4,9,14,32,43,46,75

2. The Courts mandate the following of new counsel. A) Provide    9,11,35,42,76,92    2,42,46,58,63,82,83
a full review of the record and a full brief. B) File motions    11,63,81
for new trial, or hearing for new trial C) Request or represent    11,35,46,58,63,83
appellant on hearing to file motion for new trial.    9,46,35,92

3. The appellant also requests that the courts return the case to the stage before sentence and notice of appeal or return to the point where he gave notice of appeal) and in either case, reset the time tables anew.[63]

4. The newly appointed counsel would advance the case by searching and investigating the entire record for arguable grounds and provide the courts and appellate with a full brief.[11,81]

5. Also afford the appellant an opportunity during the search/investigation and or hearing to make a full record and advance ANY theories, and provide support of a factual review of ALL the evidence, and information/evidence that the appellant provides in support of filing a motion for new trial.

6. Further, in the "interest of justice" appellant requests that he is provided counsel during the 'critical stages' of which he was deprived of counsel, and or effective assistance of counsel in accordance with U.S.C.A 6,14 and Texas Const Art 1 § 10.

7. Appellant as he stated believes there are several meritorious grounds for review that should allow him the opportunity to be appointed new counsel to address these and several other grounds not disclosed in this letter/response. This is due to appellant not being allowed 'hybrid' or self representation on direct appeal.

8. Lastly he believes he is entitled to an 'out of time' appeal based on several issues he raised and now raises to the courts attention.

## Closing

In closing applicant summarizes that the ineffective assistance of appellate counsel has violated his rights given in USCA 5, 19, 6 and Tex Const 1 §10 which constitutes a breach of legal duty. In using Strickland, Hernandez, Duffy and Almanza appellant states to the court that the appellant counsels standards fell well below standards and because of his actions, inactions and omissions appellant was 'harmed' by prejudice and deprived of his constitutional rights of effective assistance of counsel on his 1st appeal; further appellant did not waive any of his rights to effective counsel. Further appellant was deprived of counsel during the 30 days post conviction, thus not allowing him the opportunity to file a motion for new trial, these hearings + motion are deemed 'critical stages' at which the defendant appellant is entitled to counsel. Appellant also notes in cases that he is entitled to Access to Courts in order to properly defend himself and get acquainted with the law, rules, cases, ... He was prejudiced by the County and TDCJ from meaningful access. Further, counsels mere presence does not constitute effective assistance of counsel. If counsel had been appointed in a timely manner and had conflict free counsel been appointed, appellate would have filed motion for new trial which would have demonstrated to the court his desire to appeal the conviction. Also Trial counsel never explained to me the timeframe for filing the motion for new trial. Even if I had been aware of the timeframe I was assured by trial counsel that appellate counsel would be appointed by the court and appellants are barred from hybrid representation and Pro Se representation on direct appeal.

Appellant was denied Access to Courts the <u>entire time</u> while in jail and has faced difficulty trying to gain meaningful access while at TDCJ; filing grievances and petitions to access Law Library have gone unheard. Meaningful access should be granted to appellant, the courts can not expect the appellant to represent himself, nor defend himself without the same resources granted to the State Government, appellant has notified the courts of these problems; requesting additional time and assistance; in which he has heard <u>no response or reply</u>. The denial of access to courts has prejudiced the appellant not only during his appeal, but during his initial trial, the prejudice shown and harm is that the defendent could not work with his attorney to better support his defensive and ott alternate theories for defense and affirmative defensive to his charges in which he was convicted of. One can not expect a defendent to sit in jail\TDCJ to stare at the 4 walls and somehow meaningfully defend himself to talk intelligently to counsel without knowing or being able to research the law, rules, procedures,... Thus the entire trial, direct appeal and ProSe response has been infected from the very beginings. Appellant desires a full review so that he can be entitled to a new trial due to all of the procedural\jurisdictional errors that are deemed structural and harmful so that justice can be served appropriately. Trial Counsel never explained the appeal process, thus rights were lost, nor did they explain any timelines, procedures or the ability to withdraw my involuntary plea.

Salazar 222 Sw 3d 7 (COA 2005) while disapproving of reliance on former Rule of App Proc 2(b) as authority; the Criminal Court of Appeals has approved procedural methods for resolving such issues "Sooner rather than later" and emphasized the importance of certifying denial of constitutionally guaranteed right to counsel.

Alvarez 79 Sw 3d 679 (2002) Crim Law 905 Hearing on motion for new trial is the only opportunity to present to the trial court certain matters for appellate review. Crim Law 920 Motion for new trial hearing is the proper time to develop a record to determine ineffective assistance of counsel during trial. USCA 6; Rules App Proc Rule 43.6... A hearing on motion for new trial is the only opportunity to present to trial court certain matters that may warrant a new trial and to make a record of those matters for appellate review.

Trevino 565 sw2d 938, 940 (Tex Crim App 1978) A motion for new trial hearing is also the proper time to develop a record to demonstrate ineffective assistance of counsel during trial. Ex Parte Torres 943 sw2d 469, 475 (Tex Crim App 1997) Conclusion referencing Prudhomme, parties will be permitted to brief any issues related to overruled motion. Prudhomme 28 Sw 3d @121 It is so ordered. Defendant did not knowingly intelligently or voluntarily waive right to conflict free representation or appeal. defendant entitled to have appeal abated. Crim Law 641.3(4) Time period for filing motion for new trial is a "critical stage" in which defendants are entitled to assistance of counsel.

Champion 82 sw3d 79 Prudhomme was harmed because he asserted a facially plausible claim based on matters OUTSIDE the record upon which the trial court would have been required to hold a hearing if motion had been presented and a hearing requested. 28sw 3d 120 @121 Crim Law 959 when a motion for new trial raises matters NOT determineable from the record which COULD entitle movant to relief. Trial Court abuses its discretion in failing to hold a hearing if the allegations are supported by affidavit, showing truth of the matters asserted. Rules App Proc Rule 21.1 et seq.

Oldham 889 sw2d 461 Crim Law 641.3(4) Time period for filing motion for new trial was "critical stage" of proceeding for purpose of determining whether defendant was denied effective assistance of counsel. Crim Law 641.12(1) Failure to appoint counsel for appeal until after deadline for filing motion for new trial had passed was denied right of counsel at "critical stage" of proceedings USCA Amed 6.

Haines v Kerner 404 US 519,520 (1972) Pro Se complaint held to less stringent standards than formal papers drafted by lawyers

Ratliff v US 999 F 2d 1023,1026 (6th Cir 1993) Pro Se § 2255 motion read liberally to Satisfy cause + prejudice standard.

US v Riascos 76 F 3d 93,94-95 (5th Cir 1996) Pro Se "travense" liberally construed as motion to ammend § 2255 motion.

Procunier 753 F 2d 1318,1320 (5th Cir 1985) Habeas Corpus petition, Pro Se to be liberally read.

The 6th Amend (USCA) safeguard to an accused who faces incarceration the right to counsel at ALL "critical stages" of the criminal procedure. Iowa v. Tovar 541 US 77,80 (2004) Denial of counsel at ANY critical stage entitles petitioner to relief. Ex Parte Stanford 571 SW 2d 28,29 (Tex Crim App 1978) Trial Counsel's performance was as though he was not there, he failed to properly challenge the complexity of other possible defense. US v Cronic 104 SCt 2039 (1984) If no actual assistance, the accused defendant is provided then the constitutional guarantee has been violated.

Appellant is neither a Legal Assistant nor a qualified Paralegal and therefore relief upon the reasoning of Haines v Kramer 92 SCt @ 595, Hughes v Rowe 101 SCt @ 173 which mandates that the pleadings of a Pro Se applicant as here must be construed liberally and can not be held to the same strict standards as the pleadings prepared by an attorney.

Powell v Alabama 287 US 45,57-59 (1932) (period from arraignment to trial is "perhaps the most critical period of the proceedings" "where defendant must have" "sufficient time to advise with counsel."

Haines v Kerner 404 US 519, Pleading § 130") The US Sct holds allegations of a Pro Se complaint to less stringent standards than formal proceedings drafted by lawyers. 2.) A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Cormier 85 SW 3d 496 The US Sct addressed the question of whether there is a Federal Const. right to self representation on direct appeal from criminal conviction in Martinez v COA of CA 528 US 152,120 SCt 684. The court examined its reasoning + holding Faretta v Ca 95 SCt 2525 and concluded that the const. right to represent onself does not extend to the appellant process under either 6th Amend or the Due Process Clause. The 14th Court of Appeals followed Martinez in Hadnot 14 SW 3d 348,350 and in Massingil 14 SW 3d 380,382. The COA denied request to proceed Pro Se finding that it would not be in the best interest of eithers party... In doing so the court acknowledged that no Texas Court has recognized a State Const right to self represent on direct appeal.

Appellant files the following sworn statement / affidavit before the court in addition to all of the motions, statements, timetables, exhibits, pro se response and attempt to file a pro se brief, in order to show to the Honorable Justices at the Court of Appeals the prejudice shown to the appellant the harm caused to appellant and the failure of the government to provide the guaranteed constitutional rights to the appellant / defendant contained within these documents submitted to the Court of Appeals. The time line of events statement, TDCJ visitor logs, Montgomery County Sheriffs office + Dist Court records should validate appellants statements + time lines.

1. On or about 9/30/13 The Trial Judge 359th Dist Ct. Judge Kathleen Hamilton appointed counsel to defendant in the court room, by personally choosing / selecting counsel to represent defendant. She did not use the indigent attorney list that is maintained by the courts in which the next available attorney on the list should have been selected from in accordance with the T.C.C.P. and rules of the court. This selection of Trial Counsel prejudiced appellant of a fair trial due to not having an impartial judge, and no effective assistance of counsel. Harm shown by counsels omissions as they relate to not filing motion for new trial and not making defendant aware of his appellant rights and securing / safeguarding his rights. Appellant at no time waived effective assistance of counsel, no does / did he waive the right to bring up further / future instances of ineffective assistance of counsel at this or further / future proceedings that may entitle him to any type of relief.

2. On 11/19/13 Trial Counsel represented defendant at punishment phase of trial. Pre, during, post trial defendant requested contact info from attorney. She stated she did not have any business cards

on her, but she would get in contact w/ me. I did not have any way to contact my attorney. Post punishment phase of trial she asked if I wanted to appeal the conviction, I stated 'yes', she then informed me that an Appellate Counsel would be appointed to me by the court; she proceeded to file a motion to appeal sometime after trial. Trial counsel never communicated with me after trial on 11/19/13, she believed her duties were complete: She did not make me aware of any of the following: 1) time-line or procedure to file motion for new trial 2) Appellants rights or timelines,... 3) any 'arguable on the merits' or arguable points, errors,...as they relate to my case that would assist me in the motion for new trial or that would assist me with my discussions with appellate counsel. I was effectively abandoned by my counsel once trial was complete without any means to contact counsel. Nor was I allowed access to the law library (ATC) the entire time I was at Montgomery County Jail, even tho I put in several verbal, and written requests, filed grievance's) and spoke to the Lt and to the Captain. Denial of access was NOT restricted due to any cases/actions/or security threats as I did not receive ANY verbal or written reprimands/cases from the staff there due to noncompliance behavior,... I could not gain meaningful access to the Law Library to research case law, rules, procedures, rights, and I did not have outside representation (legally) to assist me in any way. Thus I had no counsel during the 30 days post trial in order to timely file a motion for new trial, I was advised and assured by Trial Counsel an Appellate Counsel would be appointed to assist me, I relied on that to be true and still have my rights.

3   On Friday afternoon 6/13/14 I was called upon by security and escorted to "1 Building" the Administration building. When I asked Security "why" I was hastily being taken there, they stated "I don't know". Once I checked into the building an officer there advised me that I had an "Attorney visit". All of my legal paperwork was back at my cell, when I asked if I could go retrieve my legal paperwork they stated you will not have time, court is getting ready to start. So I walked into the booth to speak with an attorney. He identified himself as Austin Black and that he had "just got the case", and he needed to order the transcripts". I was put in a situation of not being able to identify all my issues for several reasons. 1) the attorney did not have the courtesy to let me know that A) he had been appointed to me to assist me in my appeal B) nor did he extend the courtesy to let me know that he may show up on Fri,... I informed him of the events and that all my legal paperwork was in my cell and that I had much to discuss and had relevant caselaw, meritorious issues,... he stated that was fine, just send the info to him and he would look into it. TDCJ records should validate his visit with me, He did provide his address so that I could send him the information. He was made aware verbally of several arguable points to look into and there was further info to look into; he acknowledged. I informed him that I wanted to review his findings and the transcripts BEFORE he submitted them to the court, he acknowledged. This was a very short visit given the conviction/sentencing received. But I felt that he would look into my issues and safeguard my rights and do what ever was necessary to support me.

Yet on Tues (morning I believe) 6/17/14 Appellate counsel had filed not only an Anders Brief without my knowledge, wishes or direction; he also filed motion to withdraw as counsel. He filed a brief without even looking at the information that was sent to him. I don't see how he left this unit on Friday afternoon, and by Tues had ordered my records, fully investigated all of the material, transcripts,... Yet had <u>not</u> received the info that I sent him. He failed to pursue any of the arguable merits I had sent him and he knew they were being sent. Thus lying to his client and the courts as to my grounds for appeal, not diligently assisting his client on his 1st appeal, which basically amounts to a breach of legal duty assigned to him by the courts. <u>He filed brief, before even receiving my points!</u>

I did file a motion or two to extend the timeline to file brief in expectations that he was in receipt of the paperwork and would research it and file an amended brief and/or retract the brief and pursue other avenues that would entitle me for any type of relief. I also informed the courts at that time that I did not get an extension on a few cases that were submitted at the same time; <u>no</u> reply from courts. An inmate at the Law Library informed me that when an attorney is assigned to you, or is working your case the courts will communicate with them, not you." Just wait for your attorney to respond; these things take time."

On or about 11/6/14 Appellant counsel came by to visit (TDCJ logs will validate this). I asked Appellant counsel about the 'arguable on the merits' paperwork I sent him, and the brief. He stated he never received it, but he wanted me to send it again

And he would "look into it". I advised him I sent him my only copy of it and that it would take some time to recreate all of this and send it to him. I did as instructed and submitted the 37± pages and sent it before the long holidays. This time I sent him a *CARBON COPY* not ~~the~~ the original and explicitly requested two way communication between us and made mention of the holidays coming upon us.

In December I filed additional letters/motions to the Court of Appeals indictifying them of issues and needing more time, I did not receive ANY response from the courts in response to my letters or motions. I advised the courts of my issues with Security and access to Law Library (ATC) of some medical issues. We also were on lockdown for several weeks again causing delays in gaining meaningful access to the Law Library. Also I was away from the unit for sometime due to medical issues and at the Medical unit they only let you out of your cell to shower. Upon return to this unit I was in one of the overflow buildings that you are in cell and only come out to shower, I was there a few weeks before being moved to the 7 Bldg with others in my same custody level. Even here we're limited to 2 hrs, thus no "meaningful" access to courts, making it difficult to meet timelines. I believed that my appellate attorney was working with the courts and they were in contact with him instead of me (due to the lack of response from the courts and since I had an attorney they were obligated to talk to attorney, not to appellant directly.) and that he was looking into the issues/info I had sent, and given the long holidays, the delay in mail or responses from the

attorney or the courts. I believe in my letters to the court I asked if I was being impatient due to the holidays, but wanted to remain diligent in pursuing the appeal.

On a letter dated 2/20/15 from Appellate counsel on letterhead and signed on the bottom, he makes the following statements:
1) "Here is the content you sent in your original letter to me as you requested.
   — Point #1, the attorney acknowledges receiving my original letter that I sent him back in the June time frame. Thus he lied to me!
   — Point #2, the "original letter" he sent me was in plain ink, not the carbon copy that I sent him just before the long holidays. So as to not have a play on words. So he claims he never received original, yet he manages to mail it back to me. He flat out lied to me.
2) The letter I sent him around the holidays was a carbon copy, and he managed to return this letter to me. Thus he had or was in receipt of both of my letters.
3) He additionally states in letter dated above "My practice has not allowed me to devote the time and resources that your issues require".
   — Point #1 Based on this reply and his actions and or omissions counsel based on the time frame that he spent on this case was "too busy" to assist his client and "too busy" to do the work assigned to him by the courts (whether Trial Court & Court of Appeals).
   — Point #2 If counsel is "too busy" to assist his client and work within the rules of the courts, ABA standards, ... Should he not sua sponte withdraw from the case and not file a brief?

Does this not meet the standards of Strickland, Hernandez and meet the "some harm" as stated in **Almanza**? Effectively stated counsel may have been "too busy" with cases that gather more revenue than indigent cases, thus putting his $ interest before his clients; which in turn would be a breach of his legal duty,...

Not only not investigating the information I sent him, but failing to promptly communicate with the client or the courts, failing to raise every possible doubt, due to neglect of the facts given to him by his client, to conduct an independent investigation and explore all avenues that would provide the strongest defense possible, failure to manage time and prepare and provide competent representation for client, and ultimately undivided loyalty to client, his first commitment is to the client (reguardless if attorney is <u>retained</u> or <u>appointed</u>). If this is about a client being indigent", why not forego the trial and appeal and let the Police and Prosecutor sentence these individuals to prison without a trial since trial counsel and appellate counsel are "too busy" to safeguard their rights and force them to learn the law for themselves as best as they can and let them try and fight the case or appeal by themselves; not granting them the same resources that was provided to the State. If, this appellant was not indigent, and he had $ 100,000 or more to provide appellant counsel to work on this case. Would he then not be "too busy" to file a motion for more time, look into my case, or simply hire more help, or talk to the court in reguards to needing more time, resources,...?

Additionally, my letter to Appellate Counsel before the holidays

that I sent him stated, I wanted to ensure two way communications between us. Given this info, not only did he not diligently search the record for errors, or communicate with the client to research the law; but he also failed to respond to client in a timely manner. I wrote him in the June timeframe, and I told him I would send him a letter, but I do not hear from him again for almost 5 months, upon writing him again it took another 4 months for him to reply to me. An appellant can not be asked to be a mind reader, nor know the status of his case if he does not receive some type of an update through the courts or counsel; being incarcerated I can not simply email the court, go to the court, or look up the status of my case (assuming it is available online). Without the guiding hand of a lawyer, whose knowledge and skillful hand has been taught through many years of school, and under the guidance of other attorneys, an indigent appellant is lost in the paperwork shuffle and he is 'lost' within the system without an attorney appointed to him that will zealously represent him, no matter the subject of the case, nor the amount of evidence that is stacked up before him.

I believe it is far beyond this, that an attorney is getting paid to represent appellants, yet in a single disrespective comment to the client and to the courts states he is "too busy" with other things than to do what was asked of him, Thus denying appellant due process and his other rights owed to him as guaranteed by the U.S. and the Tex Constitutional Amendments.

Appellant still has the letter sent back to him with the [1] arguable on the merits paperwork; [2] the letter appellant sent and attorney returned expecting two way communications (the carbon copy sent and returned) [3] the letter from appellate counsel stating he was effectively "too busy" to assist his client, and can provide these to the court as proof of ineffective assistance of counsel. He does not include them now as he does not have a copy, nor access to a copy machine. Given the circumstances this appears to be more of an instance of "mere presence" of counsel or no counsel at all. Appellant can not "make" counsel do his job, and did/does not want to risk upsetting attorney during proceedings while attempting to do his job. It is not until the proceedings are complete that the totality of his actions can be judged. Based on the items given in this statement and attached papers/documents, some of which are pure fact, others based on appellants beliefs and opinions; he believes that counsels errors as a whole were grand enough as to pose as "no counsel at all" and a "structural error" and harm analysis need not be pursued; but that is for the courts to investigate and decide. I can only bring this to the courts attention and pray that they offer relief on such actions or omission of prescribed duties as dictated by law. Counsel knew up front I had paperwork to send him about the case; even if he did not get it, then why did he not follow up with client (even by letter), why did he not ask the court for additional time? Why did he not ask the court for additional funds to hire additional help to investigate? Was is due to an up front fraud + deceit to client and to the court?! In my time researching the law/cases I see that "no 10 days to prepare for trial"

hearing, involuntary pleas, no counsel during 30 days post conviction (in order to file motion for new trial) and newly discovered evidence since trial, all seem to be issues that can be brought up on direct appeal; yet they were not. My appeal was dismissed by counsel; before he even looked at the case, and before he even received my letter. Even if I put the letter in the mail on Friday afternoon, it would not have been picked up ● until Monday morning by TDCJ employees, once mail is scanned and passed to U.S.P.S at the earliest on Monday, (assuming it goes to Houston mail sort facility, then to Conroe Post office, it would be atleast Tues evening or Wednesday before he would get my info. Yet a brief was filed on Tues and motion to withdraw issued to the court. Do these actions not speak louder than words? ~~If~~, he did <u>just</u> get the case as he stated, does he not have the availability to ask for an extension and research the law on the case (thus the no 10 days to prepare)? <u>I certainly did not waive these rights</u>. This leads me to believe he was buying some time to receive my material go over it and ammend, or withdraw my appeal. If not why would he ask for me to send him my input if he was not going to use it? Why would he have me send it again near the holidays; if he was not going to help me? Thus why I believed he was intending to help me and was "too busy" and did not manage his time effectively and just kept stringing me along. I do not know what counsels 'strategic reasons' were in this case other than the ones given above. I do believe that given the severity of the case (type of case and the sentence received) that one brief visit by counsel based on

these factors is not enough time to provide a "full consult" to provide any type of defense or relief to the appellant. When I made it into the booth to speak to attorney he did acknowledge that he had been waiting a while on me. Even so, is <u>1</u> brief visit the bare minimum a client deserves given the amount of time (sentence) and liberties taken away from someone? This is not a simple case of petty theft or possession of a single marijuana cigarette, some small misdemeanor that would result in a small fine or minor sentence. His actions should reflect the situation and given the subject matter and sentences, is there not any type of guidelines from the courts? Even if I did plea guilty or did not talk to my appellate counsel at all, does he not still have to conduct an independent investigation of all of the facts (not just summarize what was written in the transcripts or received from the previous attorney who resides (basically next door))? I would have pursued a motion for new trial given the info that there was a small timeframe to invoke those rights (and <u>if</u> I was allowed to pursue this). But as I was <u>not</u> <u>told</u> or <u>aware</u> of the rights or timetables, nor did I have any access to the law Library to research these items or to contact my previous (Trial Attorney) that abandoned me. Even tho I was told appellate counsel would be appointed by the courts, additionally an indigent defendant (appellate is entitled to appointed counsel, through no fault of his own; 1) counsel was not appointed 2) he did not have <u>any</u> counsel from 11/19/13 - 6/13/14. Nor is he allowed to represent himself during appeal. Thus furnishing to the court the statement (affidavit) and prayers for relief by the court.

I respectfully ask the court to look into all of the issies, not only the ones listed in this statement/affidavit but this entire packet that was sent to the court and request a full hearing/review. Several cases/citations were included an were interpreted to the best of my beliefs and limited knowledge of the law. I have tried to research case law, rules, procedures the best I can given no past criminal history, limited access to resources, lawlibrary... and being diagnosed with sleep disorders that make it very difficult to study law and given my present location/incarceration with no access to computers and most all types of books being labelled 'outdated' in our law library, and finally the limited 2hrs we get to access the law library is not what I consider 'meaningful access' but I am doing the best I can with what I have to work with.

I, George Wilhelm Vogel, TDCJ 1902544 being presently incarcerated at the Polunsky Unit of TDCJ in Polk County, Tx verify and declare under penalty of perjury that the foregoing statements of all these documents submitted to the 14th Court of Appeals, Houston Tx are true and correct to the best of my knowledge and beliefs. Executed on this 25th day of May 2015. Written in accordance with the inmates oath and unsworn declaration per TCCP 132.003, 11.14(5)

George Wilhelm Vogel
TDCJ# 1902544

| George Wilhelm Vogel | § | In the court of |
| Appellant | § | Appeals |
| v | § | |
| The State of Texas | § | 14th District Court of |
| Appellee | § | Houston TX |

Cases: 14-14-00104CR, 14-14-00105CR, 14-14-00106CR

## Motion requesting court appointed counsel

Now comes George Wilhelm Vogel Appellant in the above styled and numbered cause and moves the court to appoint an attorney to represent appellant. Appellant shows the court the following:

1. Appellant received no counsel during 'critical stages'.

2. Appellant denied access to Access to courts (Law Library)

On 11/18/13 and 11/19/13 Trial counsel represented defendant at trial and defendant was convicted. Attorney asked if I wanted to appeal. I stated 'yes'. Attorney stated she would file notice of appeal, after that she no longer represented me. An Appellate Attorney would be appointed by the court.

On 12/5/13 notice of appeal filed. Attorney never communicated with me after trial when I was convicted. She belived her duties were complete.

Defendant on multiple times tried to obtain address from attorney, she did not have business card on her, but would state that she would get in contact with me. From the beginning there was not any 2 way communications between attorney + client.

Also during the entire time appellant was in custody he was denied access to Access to Courts (Law Library) despite his multiple verbal + written requests, additionally talking to the Lt and the Captain at Montgomery County Jail and filing grievances went unheard.

Defendant relied on assurance that the court would provide counsel to appellant during 'critical stages' as defendant\ appellant did not waive his rights to counsel or effective counsel, as well as any other rights that should have been explained to him by trial counsel to include the following:

Defendant was not made aware of the following points:

1. Time frame to file motion for new trial

2. Arguable points based on trial to bring up on appeal.

3. Any appellant rights, timelines, procedures,...

The harm shown to the court is the 30 days post conviction is the time to file motion for new trial, and is deemed a 'critical stage'. Trial court did not appoint counsel until June, 2014. Almost 7 months later, thus outside the 30 days mandated by the rules of the State and procedures. Due to counsel not being filed in a timely manner, appellant missed an opportunity to file motions to the court.

If, appellant had access to resources (Law Library access) and was allowed to file motions (hybrid representation not allowed on direct appeal, and an appellant is not allowed to self represent on direct appeal, as appellant is required to have counsel at every 'critical stage' and entitled to effective assistance of counsel on appellants first appeal. If he was

able to file motion for new trial, and, was aware of the 30 day time frame post conviction in order to file for the motion for new trial he would have done so himself; showing the court his intentions to follow through on the appeal. Due to the court not appointing counsel during this time period, his rights were lost along with any opportunity to bring these issues before the court thus prejudicing appellant from a fair opportunity to be represented as dictated by law. Due to the harm shown, he believes he is entitled to be appointed new counsel as appellant was and still is indigent, and further asks the court to revert the mandate/affirmation of the case and return the case to its previous state and reset the time tables anew as cited in the cases enclosed and referenced. Appellants Pro Se response (included) covers a few items that should have been brought up on appeal and steps that would have been filed in the motion for new trial. In 18 USC § 3006 A (a)(2)(B) court may furnish counsel when "interests of justice" are required if petitioner is unable to afford counsel; section 2255 Rule 8(c) court may furnish counsel pursuant to statutory authority" at any stage of the proceeding if the interest of justice so requires. Also referencing Constitutional Law; Supremacy Clause In some cases where an accused's const. right are in conflict with a valid procedural rule of law the procedural rule must yield to the Superior Const. right. Appellants filed sworn statements (attached) of dates trial counsel abandoned client and date new council were appointed. If Appellate Counsel was not appointed until after 30 days, appellant has been denied 6th Amend right to counsel during "critical stage" of prosecution. Trevino 565 SW2d 938, 941

# Timeline of events

4/29/13 Appellant\defendant signed "sworn affidavit of financial inability to hire counsel" before Judge at Montgomery Co. Jail.

⋮

9/30/13 Attorney appointed by Judge (in courtroom) to represent defendant

11/18/2013 –
11/19/2013 Attorney represented client during sentencing phase.
  Defendant was found guilty \convicted.
  Attorney asked post trial if I wanted to appeal.
  Defendant stated "yes."
  Attorney stated she would file notice of appeal and
  Appellate Counsel would be appointed to assist me, once
  appeal notice was filed her duties were completed
  Attorney never communicated with me after this.

12/5/2013 Notice of Appeal filed with court, copy sent to defendant \appellant.


– Post trial Trial counsel
1. believed her duties were complete.
2. did not inform appellant of ANY of his rights, timeframes, procedures.
3 did not provide defendant \appellant information related to the case that would support motion for new trial

Defendant \Appellant

1. Was unaware of the 30 day time period required to file motion for new trial.
2 was assured by Counsel that the court would appoint Appellant counsel to assist me.
3. did not waive rights to counsel or effective counsel.
4. did not receive ANY assistance to counsel during the 30 days post trial to file motion for new trial. No counsel was appointed or available to me at this time. Nor did the defendant \ appellant have access to the law library during this time to allow him to research the rules, law, procedures, cases, that would assist him in Providing any type of meaningful defense or motions to the court
5. was tranfered to TDCJ on or about 1/27/2014
6. was Contacted by Appellate counsel on 6/13/2014. He stated he had "just got the case" and "did not have the transcripts they would have to be ordered."
7. notified counsel he had many pages of notes to send him regarding the case, counsel replied send it to him (6/13/2014) 7a day afternoon. Appellate counsel filed brief & motion to withdraw 6/17/2014. without investigating appellants meritorious claims & information supplied to him.

Criminal Law 1166.10(1), Ex Parte Cherry 232 SW 3d 305. The unreasonable deprivation of the right to counsel of choice qualifies as a 'STRUCTURAL' error and therefore is not subject to a harmless error analysis. USCA Const Amend 6, Tex Const 1 §10, T.C.C.P 1.05

Tcc 1.051 (d)(3) authorizes Trial Court to appoint counsel "in the interest of justice"

Andrade 246 Sw3d 217 A Trial courts erroneous deprivation of defendants right to counsel is 'STRUCTURAL' error and not subject to harmless error analysis, the error requires automatic reversal on appeal. Oldham 889 Sw2d 461 Criminal Law 951(1), 1063(1) Where defendent was denied her right to counsel at critical stage of judicial proceedings by failure to appoint counsel for appeal until after deadline for filing motion for new trial had passed, good cause was shown to suspend appellate procedure requiring that defendant file motion for new trial within 30 days of sentencing, Rules App. Proc. Rule 2(c), 31(c). Criminal Law 1181.5(1) Where failure to appoint counsel for appellate until after deadline for filing motion for new trial had passed denied defendant right to counsel at critical stage of proceedings, defendants appeal would be abated to allow defendant time to file motion for new trial.

US, Phillips 210 F 3d 345 Criminal Law 641.13(7) A criminal defendant has a Const. right to receive effective assistance of counsel on direct appeal USCA 6

See enclosed Pro Se response for additional notes, citings, requests, ...

Appellant requests that the courts return the case during notice of appeal and reset timetables anew citing the following cases:

Alvarez 795 Sw3d 679    March 959 sw2d 224    Vera 836 Sw2d 344    Prudhomme 28 sw3d 114
Hill et al 528 Sw2d 259    Duran 868 sw2d 879    Wilson 95 SW 2d 693    Exter Lacey 469 US 387

Cause No. 14-14-00104 CR
14-14-00105 CR
14-14-00106 CR

The State of Texas     §     In the 14th

    Court of Appeals

v     §

George Wilhelm Vogel     §     Harris County, Tx
TDCJ # 1902544
12/06/1969     §

Request for court appointment of Counsel
pursuant to T.C.C.P Art 1.051

To the Honorable Judge of said court

Comes now the defendant George Wilhelm Vogel, TDCJ # 1902544, and requests that the court appoint counsel to assist him in resolving pending charges in the above-styled cause pursuant to T.C.C.P 1.051. Art 1.051(c) states as follows "An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement..." Defendant's declaration in support of right to representation by counsel is attached and incorporated hereto as Exhibit 1.

Respectfully submitted.

Defendant Pro Se
George Wilhelm Vogel
TDCJ # 1902544
Polunsky Unit
3872 FM 350 South
Livingston Tx 77351

Exhibit 1

Declaration in Support of right to
representation by counsel.
Art. 1.051 TCCP

The following declaration is in support of Art 1.051 right to representation by counsel.

Now respectfully comes George Wilhelm Vogel, TDCJ #1902544 and declares that I am unable to pay the court costs in this action and require leave of the court to proceed in forma pauperis in this accompanying action and would show the following:

1. I am presently incarcerated in the Polunsky Unit of TDCJ where I am not permitted to earn or handle money.

2. I have no source of income or spousal income.

3. I currently have $0.00 credited to me in the inmate trust fund.

4. During my incarceration in TDCJ I have received approximately $0.00 per month as gifts from relatives or friends.

5. I neither own nor have an interest in any realty, stocks, bonds, bank accounts and I receive no interest or dividend income from any source.

6. I have 2 dependants. (currently married w/child, divorce pending)

7. I have total debts approximately $45,000.00

8. I owe $0.00 in restitution

9. My monthly expenses are approximately $0.00

I, George Wilhelm Vogel, TDCJ #1902544 being presently incarcerated in the Polunsky Unit of TDCJ in Polk County TX verify and declare under penalty and perjury that the foregoing statements are true and correct. Executed on this 21st day of April 2015.

George Wilhelm Vogel
TDCJ # 1902544

Cause No 14-14-00104 CR
14-14-00105 CR
14-14-00106 CR

The State of Texas                    §            In the 14th
                                                   Court of Appeals
              v

George Wilhelm Vogel                  §
      Defendant
TDCJ # 1902544                        §            Harris County, Texas
12/6/1969                             §
                                      §

### Order: Appointment of Counsel

George W Vogel, Came on this day for consideration, the defendant request for appointment of counsel to assist him resolving pending charges in the above-styled cause pursuant to T.C.C.P 1.05. The court has reviewed defendant's declaration in support of right to representation by counsel in this matter and it is hereby:

Ordered that an attorney shall be appointed to represent defendant pursuant to T.C.C.P 1.051. Accordingly, the following attorney is hereby appointed and instructed to contact his client regarding this matter.

It is further ordered that a copy of this order shall be sent to defendant by the clerk of this court.

_____
Judge Presiding

# Certificate of Service

I certify that a copy of the foregoing motion for court appointed counsel, Exhibit 1 and order have been mailed certified mail, return receipt requested, I hand delivered to State Prosecutor for the state & via 14th court of appeals on this day 25th of May 2015. Copy enclosed.

JWVogel

Defendant Pro Se
George Wilhelm Vogel
TDCJ # 1903544
Polunsky Unit
3872 FM 350 South
Livingston Tx 77351

Cause No 14-14-00104CR
        14-14-00105CR
        14-14-00106CR

The State of Texas     §    In the 14th
        v         §    Court of Appeals
George Wilhelm Vogel    §    Harris County, Texas
TDCJ 1902544         §
12\4\1969

Request for court appointment of counsel
pursuant to T.C.C.P. Art 1.051

To the Honorable Judge of Said court

Comes now the defendant George Wilhelm Vogel, TDCJ #1902544 and requests that the court appoint counsel to assist him in resolving pending charges in the above-styled cause pursuant to T.C.C.P. 1.051.

Art 1.051(c) states as follows "An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement ...". Defendant's declaration in Support of right to representation by counsel is attached and incorporated hereto as Exhibit 1.

Respectfully submitted
_(signature)_
Defendant Pro se
George Wilhelm Vogel
TDCJ #1902544
Polunsky Unit
3872 FM 350 South
Livingston Tx 77351

State Prosecutor Copy

George Wilhelm Vogel  §   In the Court of
Appellant           §      Appeals
                    §
          v         §
The State of Texas  §   14th District Court of
Appellee            §   Houston TX

Motion to reform judgement and delete attorney costs

Cases: 14-14-00104CR, 14-14-00105CR, 14-14-00100CR
359th Dist Ct 13-04-04450 CR

Now comes George Wilhelm Vogel, Appellant in the above styled and numbered cause and moves the court to reform judgement and delete the court appointed attorney court costs \charges as appellant is indigent. Appellant shows the court the following

1. On 29 April 2013 appellant signed affidavit of financial inability to hire counsel.

2 My financial status has not changed since I was arrested, convicted and transfered to TDCJ.

3 On December 2, 2014 the Court of Appeals affirmed judgement and ordered appellant to pay for all costs expended in the appeal. Witnessed by Hon. Kem Thompson Frost, Chief Justice of the 14th Court of Appeals Feb 27, 2015, signed by Christopher Prine, Clerk.

4. On March 3, 2015 The courts sent me a letter and included the case, in the Atty Fees section was $3,528.

In the cases and Tex code cited it follows that the appellant had no resources to pay for attorneys fees as required by T.C.C.P 26.05; thus judgement was improper and reformation required to delete the attorneys fees.

321 Sw 792 Sikalasinh

MFSRg2

Whatley 2014 Tex App Lexis 13839
Criminal Law, Counsel. Cost Attorney fees
Evidence Procedure Consideration weight sufficiency

Some court costs, such as attorney fees, may not be assessed against a defendant if he was found indigent, because his indigence is presumed to continue throughout the remainder of the proceedings, unless a material change in his financial circumstances occurs T.C.C.P 26.04(p). If a trial court does not make a determination that a defendants financial circumstances materially changed, the evidence will be insufficient to impose attorney fees and court costs. T.C.C.P 26.04(p), 26.05(a)

Reyes 324 sw 3d 865, Roberts 327 sw 3d 880, Sikalasink 321 sw 3d 792 attorneys fees; affirmed as modified, delete attorneys fees.

George Wilhelm Vogel     §     In the Court of
Appellant             §     Appeals

     v.               §

The State of Texas     §     14th District Court of
Appellee.             §     Houston TX

Cases 14-14-00104 - 14-14-00106 CR
Appealed from 359th District Court

Cause 13-04-04450CR

## Motion for appeal \ notice of appeal

To the Honorable Justices of said court:

    Now comes George Wilhelm Vogel, appellant in the above styled and numbered cases \ causes, gives this written notice of appeal to the courts of the State of Texas from the judgement of conviction and sentence herein rendered against George Wilhelm Vogel.

Respectfully submitted
Vogel
George Wilhelm Vogel
Pro Se Appellant
TDCJ # 1902544
Polunsky Unit
3872 FM 350 S.
Livingston TX 77351

## Certificate of Service

I certify that a true and correct copy of the forgoing Motions have been forwarded by US Mail postage prepaid in first class to the courts on this 25th day of May 2015.

George Wilhelm Vogel
Petitioner, Pro Se

I, George Wilhelm Vogel, TDCJ #1902544 being presently incarcerated at the Polunsky Unit of TDCJ in Polk County Texas verify and declare under penalty of perjury that the forgoing statements are true and correct to the best of my knowledge and or beliefs. Executed on this 25th day of May 2015, Written in accordance with T.C.C.P. 132.003 and T.C.C.P. 11.14 (5), unsworn declaration by inmates and statements of declaration + oath.

George Wilhelm Vogel
TDCJ #1902544
Polunsky Unit
3872 FM 350 S.
Livingston Tx 77351

```
CSINIB02/CINIB02      TEXAS DEPARTMENT OF CRIMINAL JUSTICE        05/27/15
1EEQ/GS00033              IN-FORMA-PAUPERIS DATA                  06:09:45
TDCJ#: 01902544 SID#: 50276906 LOCATION: POLUNSKY      INDIGENT DTE: 01/27/14
NAME: VOGEL,GEORGE WILHELM                 BEGINNING PERIOD:
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:         0.00 TOT HOLD AMT:         0.00 3MTH TOT DEP:
6MTH DEP:                 6MTH AVG BAL:              6MTH AVG DEP:
MONTH HIGHEST BALANCE TOTAL DEPOSITS    MONTH HIGHEST BALANCE TOTAL DEPOSITS



PROCESS DATE   HOLD AMOUNT      HOLD DESCRIPTION
                                -----------------
                                NO BANKING ACTIVITY
                                WITHIN THE PAST 6
                                MONTH PERIOD.
                                -----------------
```

STATE OF TEXAS COUNTY OF _Polk_
ON THIS THE _27_ DAY OF _May_ _2015_ I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____  OR SID NUMBER: _____

Roger Burks
Notary Public



ROGER BURKS
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 11/20/2018

Notary Without Bond